IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ROSEMARY DRISCOLL,

        Plaintiff,

vs.

ERIC A.M. DENNIS,

        Defendant.

## COMPLAINT

The Plaintiff, Rosemary Driscoll, by and through counsel, John Henry Schlie, for her Complaint against Defendant, Eric A.M. Dennis, states as follows:

### INTRODUCTION

This is a Complaint for the breach of a contract between Rosemary Driscoll and Eric A. M. Dennis for the private sale of 250,000 shares of common stock of Lifeline Therapeutics, Inc., now know as LifeVantage, Inc.

### PARTIES

1. Plaintiff Rosemary Driscoll (hereinafter referred to as "Mrs. Driscoll") is and was at all times material herein an individual residing in the State of Colorado.

2. Upon information and belief, Defendant Eric A.M. Dennis (hereinafter referred to as "Dennis") is an individual residing in the State of Florida. At various times material herein, Defendant Dennis has listed addresses in New Jersey and Maryland. From February through April of 2006, Defendant Dennis purported to be a principal of Defendant Gryphon Partners,

LLC. Gryphon Partners, LLC (hereinafter referred to as "Gryphon") was a limited liability company organized under the laws of State of Minnesota with its principal offices at 80 S. 8th Street, #4920, Minneapolis, Minnesota. However, according to the records of the Secretary of State of Minnesota, a Certificate of Administrative Termination was issued on January 11, 2006 and Gryphon ceased to exist as of that date.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events giving rise to the claim occurred in this District.

## GENERAL ALLEGATIONS

5. In early 2005, Mrs. Driscoll was the owner of more than two hundred and fifty thousand (250,000) shares of the restricted common stock of Lifeline Therapeutics, Inc.

6. Beginning in at least July of 2005, Mrs. Driscoll, through her husband William Driscoll (hereinafter referred to as "Mr. Driscoll"), negotiated with Defendant Dennis for the private sale of a portion of Mrs. Driscoll's stock to Defendant Dennis or an entity associated with Mr. Dennis, AB Phoenix, Inc. It was agreed that Mrs. Driscoll would transfer 250,000 shares of restricted common stock of Lifeline Therapeutics, Inc. to a third party, Chris Micklatcher, an attorney and CPA in Michigan, and that Mr. Micklatcher would transfer 250,000 shares on behalf of Mrs. Driscoll along with 100,000 shares of restricted Lifeline common stock on his own behalf to Defendant Dennis. Attorney Clark C. Griffith of Minneapolis, Minnesota,

was to hold the 350,000 shares of stock in escrow pending the receipt of funds from Defendant Dennis.

7. On or about July 14, 2005, Mr. Micklatcher sent an Irrevocable Power of Attorney to Mr. Griffith with instructions to transfer the shares of Lifeline Therapeutics, Inc. into whatever name was chosen by Defendant Dennis. On that same day, Mr. Micklatcher sent two Lifeline stock certificates totaling 350,000 shares of restricted common stock to the transfer agent with instructions to transfer the shares upon receipt of the Irrevocable Power of Attorney and instructions for transfer from Mr. Griffith.

8. On September 8, 2005, Mr. Griffith sent a letter acknowledging receipt of stock certificate number 1135 in the amount of 350,000 shares of Lifeline Therapeutics, Inc. issued in the name of Eric A.M. Dennis, presumably without any restrictions for sale. In said letter, Mr. Griffith states: " The stock certificate will be in safe keeping in my office until I receive further instructions with respect to its disposition."

9. In the days and weeks following September 2005, the price of Lifeline Therapeutics, Inc. common stock declined and Defendant Dennis was unwilling to abide by the terms previously negotiated between him and Mr. Driscoll. On February 23, 2006, Mr. Driscoll and Defendant Dennis had a telephone conversation during which they agreed to renegotiate the terms of the agreement. The substance of that telephone conversation was memorialized in an email dated February 28, 2006, from Defendant Dennis to Mr. Driscoll with a copy to Mr. Griffith, which stated:

> This e-mail communication is a formal endorsement/acknowledgement *(sic)* of the oral agreement struck between yourself, and Eric A.M. Dennis, a

> principal in the firm, Gryphon Partners, LLC., last Thursday, February 23, 2006. Gyphon Partners, LLC., hereby agrees to pay to Bill Driscoll, the amount equal to $1.65/per share for 250,000 shares of Lifeline Therapeutics (symbol BB:LFLT) or a total amount of $365,000 (THREE HUNDRED AND SIXTY FIVE THOUSAND DOLLARS, US).  This payment shall occur on or before March 31, 2006, (But it is anticipated, that this will occur sooner than that particular date). Gyphon Partners, is currently working on another financial proposal for Mr. Driscoll, and should that transaction close on or before the date stipulated in this email, it may NOT become necessary to complete the herein described transaction, which may be rescheduled for a later date.

Approximately two hours later on February 28, 2006, Defendant Dennis sent a second e-mail to Mr. Driscoll, with a copy to Mr. Griffith, acknowledging that the math in his earlier e-mail was incorrect and the correct figure for the purchase of 250,000 shares of stock at $1.65 per share should have been four hundred twelve thousand, five hundred dollars ($412,500.00).

    10.  Defendant Dennis failed to pay Mr. or Mrs. Driscoll any monies for the purchase of the 250,000 shares of common stock by March 31, 2006, or since that time.

    11.  On April 10, 2006, Mr. Driscoll, through Mr. Micklatcher, sent an e-mail to Mr. Griffith requesting that Mrs. Driscoll's stock be returned to Mr. Micklatcher or counsel.  Upon information and belief, Mr. Griffith has failed to respond to that request and Defendant Dennis has indicated his refusal to instruct Mr. Griffith to do so.  From February 2006 to present, the price of the common stock of Lifeline Therapeutics, Inc., now know as LifeVantage, Inc. has fallen to approximately $.50 per share.

### FIRST CLAIM FOR RELIEF
Breach of Contract

12. Mrs. Driscoll realleges and incorporates by reference the allegations contained in Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. Mrs. Driscoll and Defendant Dennis entered into a contract for the sale of 250,000 shares of common stock of Lifeline Therapeutics, Inc. for the sum of four hundred twelve thousand, five hundred dollars ($412,500.00) payable by March 31, 2006.

14. Mrs. Driscoll performed her duties under that contract.

15. Defendant Dennis and Defendant Gryphon breached the terms of the contract by failing to pay for the 250,000 shares of common stock of Lifeline Therapeutics, Inc. as agreed.

16. As a direct and proximate result of Defendants' breach of contract, Mrs. Driscoll has sustained losses in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
Unjust Enrichment

17. Mrs. Driscoll realleges and incorporates by reference the allegations contained in Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

18. At the expense of Mrs. Driscoll, Defendant Dennis received or retained one or more benefits.

19. Defendant Dennis received those benefits under circumstances that would make it unjust for him to retain the benefits without paying for their value.

20. Equity requires that the Defendant Dennis disgorge those benefits and compensate Mrs. Driscoll for the injuries, damages and losses she has suffered as a result of the Defendant's

misconduct.

21. As a direct and proximate result of Defendant's misconduct, Mrs. Driscoll is entitled to recover her injuries, damages and losses in an amount to be proven at trial.

WHEREFORE, Plaintiff Rosemary Driscoll respectfully prays for judgment in her favor and against the Defendant for compensatory damages, costs of litigation, pre- and post-judgment interest, and such other and further damages as this Honorable Court deems just and proper.

Respectfully submitted this 27th day of March, 2007.

LAW OFFICE OF JOHN HENRY SCHLIE, P.C.

s/ John Henry Schlie
**John Henry Schlie**
Law Office of John Henry Schlie, P.C.
6059 S. Quebec Street, Suite 200
Centennial, Colorado 80111
Telephone: (303) 830-1616
FAX: (303) 860-1297
E-mail: johnhenry@schlielawfirm.com
ATTORNEY FOR PLAINTIFF
ROSEMARY DRISCOLL

Plaintiff's address: 5350 Moonlight Way
Parker, Colorado 80134