IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00608-RPM-MJW

ROSEMARY DRISCOLL,

Plaintiff,

v.

ERIC A.M.  DENNIS,
CLARK C. GRIFFITH and
LAW OFFICE OF CLARK C.  GRIFFITH,
A Minnesota Professional Association,

Defendants,

ERIC A. M. DENNIS

Counterclaim Plaintiff,

v.

ROSEMARY DRISCOLL and
WILLIAM DRISCOLL,

Counterclaim Defendants.

---

**ORDER REGARDING
PLAINTIFF AND COUNTERCLAIM DEFENDANTS ROSEMARY DRISCOLL AND
WILLIAM DRISCOLL'S MOTION TO STRIKE DISCOVERY RESPONSES AND THIRD
MOTION FOR SANCTIONS (DOCKET NO. 48)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


This matter is before the court on Plaintiff and Counterclaim Defendants

Rosemary Driscoll and William Driscoll's Motion to Strike Discovery Responses and

Third Motion for Sanctions (docket no. 48).  The court has reviewed the subject motion

(docket no. 48), the response (docket no. 50), and the reply (docket no. 62). In addition, the court heard oral argument on March 12, 2009, on the subject motion (docket no. 48), and during such hearing ordered Plaintiff and Counterclaim Defendants to file their reply by April 17, 2009. The court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 48);

4. That on February 28, 2008, Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll, served Defendants with their First Set of Interrogatories and Requests for Production of Documents. Neither Defendant Dennis nor his counsel provided any responses to the Interrogatories or Request for Production of Documents as required by Fed. R. Civ. P. 33 and 34;

5. That on June 4, 2008, Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll, filed their Motion to Compel Discovery and for Sanctions (docket no. 19) due to the fact that

        Defendant Dennis and his counsel had failed to provide discovery responses;

6. That on October 21, 2008, Magistrate Judge Watanabe heard oral argument on Plaintiff and Counterclaim Defendants Rosemary Driscoll and William Driscoll's Motion to Compel Discovery and for Sanctions (docket no. 19). During this hearing, Magistrate Judge Watanabe granted this motion (docket no. 19) and ordered Defendants to provide responses to the Plaintiff and Counterclaim Defendants Rosemary Driscoll and William Driscoll's discovery requests by November 21, 2008, and also ordered as a sanction reasonable attorney fees and expenses. *See* minutes of hearing on October 21, 2008 (docket no. 37), and hearing findings by Magistrate Judge Watanabe on the record on October 21, 2008;

7. That on December 8, 2008, the Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll, filed their Second Motion for Further Sanctions (docket no. 41);

8. That on December 19, 2008, Magistrate Judge Watanabe entered the following minute order (docket no. 47): "It is hereby ORDERED that Plaintiffs/Counterclaim Defendants' Motion for Further Sanctions (docket no. 41), filed December 08, 2008 is DENIED without prejudice with leave to renew. Defendant Clark C. Griffith shall have until January 15, 2009, to complete discovery.";

9. That on January 20, 2009, Plaintiff and Counterclaim Defendants

4

   Rosemary Driscoll and William Driscoll's counsel, Mr. Schlie, received from Defendant Dennis through counsel, Mr. Griffith, answers to interrogatories and responses to requests for production. The cover letter from Mr. Griffith is dated January 16, 2009, and is attached to the subject motion (docket no. 48) as exhibit 1. Defendant Dennis did not sign his answers and responses as required under Fed. R. Civ. P. 26(g)(1), and therefore the Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll, have no duty to act on the responses, and such answers and response should be stricken pursuant to Fed. R. Civ. P. 26(a)(2);

10. That Defendant Dennis and his counsel, Mr. Griffith, have once again not complied with the Federal Rules of Civil Procedure. Defendant Dennis did not sign his answers and responses to the Plaintiff and Counterclaim Defendants Rosemary Driscoll and William Driscoll's first Set of Interrogatories and Requests for Production of Documents, and Defendant Dennis has not provided full and complete answers and responses to **both** Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll's First Set of Interrogatories and Requests for Production of Documents and Second Set of Interrogatories and Requests for Production of Documents;

11. That both Defendant Dennis and his counsel, Mr. Griffith, have

5

failed to comply with this court's orders dated October 21, 2008, and December 19, 2008;

12. Federal Rules of Civil Procedure 37(b)(2) grants the district court authority to dismiss an action if a party "fails to obey an order to provide or permit discovery." Because the district court is in the best position to make the necessary fact-specific inquiries, decisions to dismiss an action under Rule 37(b) are reviewed for abuse of discretion. Creative Gifts, Inc., v. UFO, 235 F.3d 540, 549 (10th Cir. 2000);

13. That because dismissal with prejudice is "an extreme sanction," the court ordinarily must consider a number of factors before imposing it, including: " (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lessor sanctions." Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993). These factors are not a rigid test; rather, they serve as useful guidance for the district court's exercise of discretion. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).

14. That the Defendant Dennis and his counsel, Mr. Griffith, have unnecessarily expanded this case by not complying with this court's orders dated October 21, 2008, and December 19, 2008, and by

        not complying with the Federal Rules of Civil Procedure;

15. That no trial date has been set as of the date of this Order; and

16. That the sanction of an entry of default judgment against Defendant Dennis is a drastic remedy and not appropriate at this time. Defendant Dennis and his counsel, Mr. Griffith, however, are both placed on notice that any further violations of the discovery rules as outlined in the Federal Rules of Civil Procedure may result in a recommendation by this court to Senior District Judge Matsch that default judgment should enter against Defendant Dennis and that Defendant Dennis' counterclaims be dismissed.  A monetary sanction is appropriate coupled with an order by this court for Defendant Dennis to provide full and complete answers and responses to the Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll's discovery requests.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, it is hereby **ORDERED**:

1. Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll's Motion to Strike Discovery Responses and Third Motion for Sanctions (docket no. 48) is **GRANTED as follows**;

2. That Defendant Dennis shall pay to the Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll, reasonable

7

attorney fees and expenses for having to bring the Motion to Strike Discovery Responses and Third Motion for Sanctions (docket no. 48).  The Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll, are awarded reasonable and necessary attorney fees and expenses for having to file this motion (docket no. 48).  The parties shall meet forthwith to see if the amount of attorney fees and expenses can be stipulated.  If the parties are able to stipulate to the amount of attorney fees and expenses, then the parties shall file such written stipulation with the court.  If the parties are unable to stipulate to the amount of attorney fees and expenses, then the Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll, shall have up to and including May 15, 2009, to file their itemized affidavit for attorney fees and expenses.  Defendant Dennis shall then have until May 29, 2009, to file his response to the Plaintiff and Counterclaim Defendants Rosemary Driscoll and William Driscoll's itemized affidavit for attorney fees and expenses.  If a response is filed, then Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll, shall have up to and including June 9, 2009, to file any reply to Defendant Dennis' response;

3. That Defendant Dennis' answers and responses to Plaintiff and Counterclaim Defendants Rosemary Driscoll and William Driscoll's First and Second Set of Interrogatories and Requests for

8

Production of Documents are **STRICKEN**; and,

4. That Defendant Dennis shall provide full and complete answers and responses to Plaintiff and Counterclaim Defendants, Rosemary Driscoll and William Driscoll's First and Second Set of Interrogatories and Requests for Production of Documents **on or before May 15, 2009**, and such answers and responses shall be in full compliance with the Federal Rules of Civil Procedure.

Done this 29th day of April 2009.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge