IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLORADO

Civil Action No. 07-cv-00608-RPM-MJW

ROSEMARY DRISCOLL,

    Plaintiff,
v.

ERIC A.M. DENNIS,
CLARK C. GRIFFITH and
LAW OFFICE OF CLARK C. GRIFFITH,
A Minnesota Professional Association,

    Defendants.

ERIC A.M. DENNIS,

    Counterclaim Plaintiff,
v.

ROSEMARY DRISCOLL and
WILLIAM DRISCOLL,

    Counterclaim Defendants.

---

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON HER CLAIM OF CONVERSION

---

    This action involves an alleged agreement for the purchase and sale of 250,000 shares of Lifeline Therapeutics, Inc., between Rosemary Driscoll as seller, and Eric A. M. Dennis ("Dennis") as the buyer. Rosemary Driscoll ("Rosemary" or "the plaintiff") alleges that Dennis did not pay the agreed purchase price and that Dennis and Clark Griffith ("Griffith"), a Minneapolis attorney, took possession of Rosemary's shares without her authority and sold them for their own benefit. The plaintiff seeks damages based on claims of (1) breach of contract

-1-

against Dennis; (2) unjust enrichment against Dennis; (3) breach of fiduciary duty against Griffith and the Griffith law firm; (4) negligence against Griffith and the Griffith law firm, and (5) conversion by Dennis, Griffith and the Griffith law firm.  Diversity of citizenship provides the basis for federal jurisdiction.

The plaintiff moved for summary judgment, seeking judgment in her favor on her claim of conversion.  The court heard argument on the plaintiff's motion on July 27, 2010.

To prove her claim of conversion, the plaintiff must establish her ownership interest in the shares alleged to have been converted.  It is apparent from the papers filed and the arguments presented that there is a factual dispute about the plaintiff's actual ownership of 250,000 of the 350,000 shares issued to Dennis as Lifeline Certificate Number 1135.

To establish her ownership of the 250,000 shares, the plaintiff relies on email correspondence showing that William Driscoll, Micklatcher, and Dennis understood that Lifeline Stock Certificate Number 1135 included 250,000 shares owned by Driscoll.  The plaintiff also asserts that the defendants cannot contest the plaintiff's ownership interest because they failed to provide timely answers to discovery.  The flaw in the plaintiff's argument is that stock ownership is traceable through the records of the company's transfer agent, and the evidence submitted by the plaintiff is not sufficient to establish Rosemary Driscoll's actual ownership of the 250,000 shares.  The plaintiff acknowledges that "Lifeline Therapeutics Certificate No. 1135 is shown to have been issued as a result of the cancellation of shares belonging to Christopher Micklatcher and Christopher and Nancy Micklatcher by Securities Transfer Corporation on or about August 18, 2005."  (Pl.'s mot. at 6, n.2.)

The plaintiff challenges the credibility of Dennis and Griffith. Determinations about the credibility of these witnesses, as well as the credibility of Micklatcher and William Driscoll, are for the jury to decide. Trial is necessary to determine the merits of all the plaintiff's claims and the amount of her damages, if any.

Accordingly, it is

ORDERED that the plaintiff's motion for summary judgment on her claim of conversion is denied.

Dated: August 11, 2010

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge